## J. A. HUTCHINS v. BOARD OF COMMISSIONERS OF GRANVILLE COUNTY.

(Filed 27 April, 1927.)

**Rewards—Criminal Law—Officers—Sheriffs.**

> It is within the power of the Legislature to enact a valid statute giving a reward to those who arrest or cause to be arrested vilators of the criminal law, including officers who are paid for making the arrest in pursuit of their duties.

APPEAL by defendant from *Midyette, J.,* at February Term, 1927, of GRANVILLE. Affirmed.

Action to recover fees or rewards provided by statute, for arrest of persons convicted of violations of the prohibition law. From judgment upon facts agreed, defendant appealed to the Supreme Court.

*Royster & Royster for plaintiff.*
*A. A. Hicks, W. M. Hicks and Brummitt & Taylor for defendants.*

PER CURIAM. Chapter 318, Public-Local Laws 1925, is entitled "An act regulating the payment of fees for the seizure of distilleries and the apprehension and conviction of violators of the prohibition laws in Granville County." This act was ratified on 6 March, 1925, and became effective from and after said date. Section 2 of said act is as follows:

"For every person apprehended, arrested and found guilty of violating the prohibition law in Granville County, the board of commissioners shall pay the sum of twenty-five dollars to the sheriff or other police officer apprehending and arresting such violator of the prohibition laws so convicted."

Plaintiff is now and was during the months of June and July, 1926, chief of police of the town of Oxford, in Granville County. During said months he apprehended and arrested ten persons, each of whom was charged with a violation of the prohibition laws of North Carolina. Each of these persons was thereafter convicted in a court of competent jurisdiction of a violation of said laws. Plaintiff has presented to defendant board of commissioners his claim against said board for $250. Said claim is made up of ten items, each for $25, the fee or reward provided by statute for the arrest and apprehension of each of said persons. Defendant has declined to allow and pay said claim, contending that chapter 318, Public-Local Laws 1925, is contrary to public policy and for that reason unconstitutional.

Upon the facts agreed, the court was of opinion that plaintiff is entitled to recover of defendant the sum of two hundred and fifty dollars with interest, and rendered judgment accordingly.

The validity of a statute enacted by the General Assembly, in the exercise of the police power, providing for the payment out of public funds of a reward for the apprehension and arrest of a person charged with a violation of the criminal law of the State, cannot be successfully challenged. See C. S., 4554. Whether or not a sheriff or other police officer whose official duty it is to arrest such person and who receives compensation, by fees or otherwise for the performance of this official duty, shall also be entitled to a reward provided for by statute is a matter of policy to be determined by the General Assembly. See C. S., 4555. We are unable to perceive any ground upon which the validity of chapter 318, Public-Local Laws 1925, can be successfully attacked.

The distinction between this statute and the statute involved in *Tumey v. Ohio,* decided by the Supreme Court of the United States, 7 March, 1927, 71 L. Ed., 508, is, we think, quite apparent. No fee or reward is allowed by this statute to an officer exercising judicial power. The reward is paid solely for the apprehension and arrest of a violator of the law. The officer to whom the reward is payable is not required to procure the conviction of the person arrested by him. He is not even required to produce evidence upon which the accused person shall be convicted. The reward is payable for the performance of a purely ministerial act only. We find no error. The judgment is

Affirmed.